UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE AGUSTINIANO GARCIA,

                     Plaintiff,

- against -

K C DRY CLEAN X-PRESS, CORP. and/or any other entities affiliated with or controlled by K C DRY CLEAN X-PRESS, CORP., and YONG U CHON, individually.

                     Defendants.

11 CIV 9288

Case No.:

COMPLAINT



Plaintiff, Jorge Agustiniano Garcia, by his attorneys, Virginia & Ambinder, LLP, alleges as follows:

### PRELIMINARY STATEMENT

1.    This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b), New York Labor Law § 633; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2; and 12 NYCRR 142-2.4, to recover unpaid minimum wages, overtime and spread of hours compensation owed to Plaintiff by K C DRY CLEAN X-PRESS, CORP. (hereinafter "KC" or "Corporate Defendant") and/or any other entities affiliated with or controlled by K C DRY CLEAN X-PRESS, CORP. and YONG U CHON (hereinafter collectively the "Defendants"),

2.    Beginning in approximately in 2001 and, upon information and belief, continuing to November 25, 2011, Defendants have engaged in a policy and practice of failing to pay Plaintiff minimum wages as required by applicable federal and state law.

3.    Beginning in approximately in 2001 and, upon information and belief, continuing to November 25, 2011, Defendants engaged in a policy and practice of failing to pay Plaintiff all earned wages for work performed in connection with Defendants' Dry Cleaning business.

4. Beginning in approximately in 2001 and, upon information and belief, continuing to November 25, 2011, Defendants engaged in a policy and practice of requiring Plaintiff to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

5. Beginning in approximately in 2001 and, upon information and belief, continuing to November 25, 2011, Defendants have engaged in a policy and practice of requiring Plaintiff to regularly work in excess of ten (10) hours per day, without providing "spread of hours" pay as required by state law.

6. Under the direction of Defendants' corporate officer and/or director, Yong U. Chon, Defendants instituted this practice of depriving their employees of minimum wages and overtime compensation for work performed in excess of forty (40) hours per week, as mandated by federal and state law, as well as depriving Plaintiff of "spread of hours" compensation, as mandated by state law.

7. Plaintiff has initiated this action seeking compensation, including unpaid minimum wages, overtime compensation, and spread of hours compensation he was deprived of, plus interest, liquidated damages, attorneys' fees, and costs.

## JURISDICTION

8. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

9. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because the Corporate Defendant is a corporation with its principal

executive office in the Southern District of New York.

## THE PARTIES

10. Plaintiff Jorge Agustiniano Garcia is an individual who resides in New York who worked for Defendants.

11. Upon information and belief, Defendant K C DRY CLEAN X-PRESS, CORP. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 203 East 74th Street New York, New York 10021, and is engaged in the dry cleaning business.

12. Upon information and belief, Yong U. Chon is resident of 803 East 74th St. New York, New York 10021, and at all relevant times, was officer, director, president, vice president, and/or owner of the Corporate Defendant.

## FACTS

13. Upon information and belief, beginning in or about 2001, Defendants employed Plaintiff to perform work primarily as a dry cleaning attendant at Defendants' Dry Cleaning business in the New York City's Upper East Side.

14. Plaintiff typically worked six (6) days per week, averaging approximately 70 hours per week. Specifically, Plaintiff typically worked from 7:00 a.m. to 7:00 p.m., from Monday through Friday, and from 8:00 a.m. to 6:00 p.m. on Saturdays. Plaintiff was paid, in cash, at $360 per week, regardless of the amount of hours worked per week.

15. Upon information and belief, while working for the Defendants, Plaintiff did not receive minimum wages, as mandated by state and federal law.

16. Upon information and belief, Plaintiff was not paid for all hours worked, as Defendants failed to pay him all earned wages at the time they were due.

17. Upon information and belief, while working for Defendants, Plaintiff was regularly required to perform work for Defendants in excess of forty (40) hours per week, without receiving overtime compensation as required by applicable federal and state law.

18. Upon information and belief, while working for Defendants, Plaintiff did not receive all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which he worked after the first forty (40) hours in any given week.

19. Upon information and belief, while working for Defendants, the Plaintiff was typically required to, and actually did, work ten (10) or more hours per day, six (6) days per week, without being paid spread-of-hours compensation, which entitles New York employees to receive one additional hour of pay at the basic minimum hourly rate for any workday that lasts longer than ten (10) hours, including intervals off duty.

20. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

21. Upon information and belief, Defendant Yong U. Chon was officer, director, shareholder, and/or president or vice president of the Corporate Defendant, and (i) had the power to hire and fire employees for that entity; (ii) supervised and controlled employee work schedules or conditions of employment for that entity; (iii) determined the rate and method of payment for Corporate Defendant's employees; and (iv) maintained employment records for the Corporate Defendant.

22. Upon information and belief, Defendant Yong U. Chon dominated the day-to-day operating decisions of the Corporate Defendant, made major personnel decisions for the Corporate Defendant, and had complete control of the alleged activities of the Corporate

Defendant which give rise to the claims brought herein.

23. Upon information and belief, Defendant Yong U. Chon was supervisor, officer and/or agent of the Corporate Defendant, who acted directly or indirectly in the interest of the Corporate Defendant, and is an employer within the meaning of the Fair Labor Standards Act. Yong U. Chon, in his capacity as officer, director, shareholder, and/or president or vice president, actively participated in the unlawful method of payment for the Corporate Defendant's employees.

24. Upon information and belief, beginning in or about 2001, Defendants hired Plaintiff to perform work as a dry cleaning attendant for the benefit of and at the direction of Defendants.

25. At all times relevant to this action, Defendant Yong U. Chon was officer, president, owner and/or shareholder of the Corporate Defendant. Plaintiff performed labor at Defendants' construction sites, for the benefit of and at the direction of Defendant Yong U. Chon.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 hereof.

27. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

29. Plaintiff is an employee, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

30. None of the exemptions of 29 U.S.C. § 213 applies to Plaintiff.

31. The Corporate Defendant is an employer, within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

32. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Yong U. Chon is defined as an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

33. Upon information and belief, Defendants failed to pay Plaintiff all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

34. The failure of Defendants to pay Plaintiff his rightfully owed wages and overtime compensation was willful.

35. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
### FLSA MINIMUM WAGE COMPENSATION

36. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 35 hereof.

37. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

38. Defendants violated the FLSA by failing to pay Plaintiff minimum wages for all hours worked in any given week.

39. Upon information and belief, the failure of Defendants to pay Plaintiff his rightfully-owed wages was willful.

40. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME COMPENSATION LAW

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 40 hereof.

42. Title 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

43. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

44. Upon information and belief, Plaintiff worked more than forty (40) hours a week while working for Defendants.

45. Upon information and belief, Plaintiff did not receive the New York statutory minimum wages or overtime compensation for all hours worked after the first forty (40) hours of work in a week.

46. Consequently, by failing to pay to Plaintiff the minimum wages and overtime compensation for work performed after the first forty (40) hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

47. Defendants' failure to pay wages and overtime compensation for work performed by Plaintiff after the first forty (40) hours worked in a week was willful.

48. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK MINIMUM WAGE COMPENSATION

49. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 48 hereof.

50. Pursuant to New York Labor Law § 652, and the supporting New York State Department of Labor Regulations, "every employer shall pay to each of its employees for each hour worked a wage of not less than . . . $7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

51. K C DRY CLEAN X-PRESS, CORP. is an employer, within the meaning contemplated, pursuant to New York Labor Law § 651(6) and the supporting New York State Department of Labor Regulations.

52. Plaintiff is an employee, within the meaning contemplated, pursuant to New York Labor Law § 651(5) and the supporting New York State Department of Labor Regulations.

53. Upon information and belief, Defendants violated New York Labor Law § 650 et seq. and 12 NYCRR § 137-1.2 by failing to pay Plaintiff minimum wages for all hours worked in any given week.

54. Upon information and belief, the failure of Defendants to pay Plaintiff his rightfully-owed wages was willful.

55. New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

56. By the foregoing reasons, Defendants have violated New York Labor Law § 650 et seq. and 12 NYCRR § 137-1.2, and are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES

57. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 hereof.

58. Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiff are protected from wage underpayments and improper employment practices.

59. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

60. As persons employed for hire by Defendants, Plaintiff is an "employee," as understood in Labor Law § 190.

61. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

62. As an entity that hired Plaintiff, the Corporate Defendant is an "employer."

63. Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, Yong U. chon is an "employer".

64. Plaintiff's agreed upon wage rate and/or overtime compensation rate was within the meaning of New York Labor Law §§ 190, 191.

65. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiff, are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

66. In failing to pay Plaintiff proper wages and overtime payments for time worked after forty (40) hours in one week, Defendants violated Labor Law § 191, by failing to pay Plaintiff all wages earned within the week such wages were due.

67. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff, that is not otherwise authorized by law or by the employee.

68. By withholding wages and overtime payments for time worked after forty (40) hours in one week from Plaintiff, pursuant to New York Labor law § 193, and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiff.

69. Upon information and belief, Defendants' failure to pay Plaintiff wages and overtime payments for time worked in excess of forty (40) hours in one week was willful.

70. By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiff in an amount to be determined at trial, interest, liquidated damages, attorneys' fees and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### NEW YORK SPREAD OF HOURS LAW

71. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 70 hereof.

72. Although the FLSA does not have a similar provision, New York employees are entitled by law to receive "one additional hour of pay at the basic minimum hourly rate" for any workday that lasts longer than ten hours, including "intervals off duty." 12 NYCRR § 146-1.6.

73. "The additional hour of pay is not a payment for time worked or work performed and need not be included in the regular rate for the purpose of calculating overtime pay." 12 NYCRR § 146-1.6(c).

74. Upon information and belief, Plaintiff generally worked at least six days per week, and at least five of those six days full day worked lasted in excess of ten (10) hours.

75. By the foregoing reasons, Plaintiff is entitled to recover from Defendants an amount to be determined at trial, plus interest, liquidated damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1) on the first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on the second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs;

(3) on the third cause of action against Defendants in an amount to be determined at trial, interest, liquidated damages, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4) on the fourth cause of action against Defendants in an amount to be determined at trial, interest, liquidated damages, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5) on the fifth cause of action against Defendants in an amount to be determined at trial, interest, liquidated damages, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(6) on the sixth cause of action against Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorney's fees, and costs; and

(7) such other and further relief the Court deems just and proper.

Dated: New York, New York
December 14, 2011

VIRGINIA & AMBINDER, LLP

By: _____
Lloyd R. Ambinder, Esq.
Leonor H. Coyle, Esq.
*Attorneys for Plaintiff*
Trinity Centre
111 Broadway, 14th Floor
New York, New York 10006
(212) 943-9080